IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, )<br><br>and )<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, )<br><br>Plaintiffs, )<br><br>v. )<br><br>PETRO PAVING, INC., )<br><br>Defendant. ) | Case No.:<br><br>FILED: APRIL 1, 2008<br>08CV1876     PH<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE DENLOW<br><br>Judge: |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant PETRO PAVING, INC., state as follows:

**COUNT I**
**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS AND**
**FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS**
**MASONRY STRUCTURES, INC.**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions required to be paid on behalf of the Apprentice Fund, the Illinois Small Pavers Association Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

2. Defendant PETRO PAVING, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this district and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and

contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6.     Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable attorneys' fees, and court costs.

7.     Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable attorneys' fees, and costs.

8.     Notwithstanding its obligations under the Agreement, the Defendant Company has failed to timely report and pay contributions owed to the Funds and the Affiliated Organizations from September 2007 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9.     Since at least September 2007, the Defendant Company has employed employees who performed work covered by the Agreement.

10. On or about March 3, 2008, the Defendant Company made a partial payment of the amounts due; however, no payment was made for the remaining contributions, interest and liquidated damages owed for those untimely remittances or contributions owed for every subsequent month.

11. All conditions precedent to requiring the timely payment of contributions and submission of reports to the Funds have been met.

12. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

13. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

14. The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

15. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for unpaid contributions, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against PETRO PAVING, INC., as follows:

1. Finding that PETRO PAVING, INC., violated the Agreement;

2. Finding that PETRO PAVING, INC., is liable to the Funds and Affiliated Organizations for the delinquent contributions owed to date, interest, liquidated damages, attorneys' fees and court costs;

3. Ordering PETRO PAVING, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

4. Ordering PETRO PAVING, INC., to pay to Plaintiffs all reasonable attorneys' fees and costs incurred in pursuing collections; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**BREACH OF LABOR AGREEMENT**
**FAILURE TO POST BOND**
**PETRO PAVING, INC.**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of Count I as paragraphs 1 through 15 of Count II.

17. District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

18. Defendant PETRO PAVING, INC. (the "Defendant Company"), is a corporation that maintains offices and conducts business within this District.

19. The Defendant Company is a signatory to the Joint Agreement (the "Agreement") between the Illinois Small Pavers Association and the District Council.

20. Article VI of the Agreement provides that all employer-signatories to the Agreement must procure, carry and maintain a surety bond in form and amount satisfactory to the District Council, but not less than the sum of $5,000.00 to guarantee

the payment of wages as well as Pension and Welfare Trust contributions, during the terms of the Agreement.

21. Pursuant to the Agreement, the amount of the bond is based on the size of the employer's work force and is graduated up for employers with seven or more bargaining unit employees.

22. The Funds, as a beneficiary of the bond, have been authorized to enforce the bond provision of the Agreement by the District Council.

23. The form of the bond that is required by the District Council and the Funds is attached as Exhibit A.

24. In accordance with the Agreement and based on its workforce, the Defendant Company is required to post a bond in the amount of $5,000.00.

25. Paragraph 3 of Article VI of the Agreement provides that if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking the compel the bond.

26. On or about February 22, 2008, the Funds' attorneys notified the Defendant Company by letter that it was required to provide a bond in accordance with the Agreement.

27. Notwithstanding its obligation to do so and the notifications from the Funds' attorneys, the Defendant Company has failed to post the bond.

28. Failure to post a bond constitutes a breach of the Defendant Company's Agreement, and puts the Funds, the District Council and its members, at risk that obligations owed by the Defendant Company will not be met because the security

required by the Agreement is not available.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against Defendant PETRO PAVING, INC., as follows:

1. Ordering it to obtain and provide the Plaintiffs with a $5,000.00 bond in the form provided in Exhibit A or, in the alternative, to provide a payment to Funds in the amount of $5,000.00 to be held as a cash bond;

2. Ordering it to reimburse the Plaintiffs for all legal fees and costs incurred in pursuing this action; and

3. Granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steve W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361

```
08CV1876  PH
JUDGE LEFKOW
MAGISTRATE JUDGE DENLOW
```

# EMPLOYER'S BOND

**KNOW ALL PEOPLE BY THESE PRESENTS**, that we _____

_____, a _____,
        (name of employer)                        (indicate corporation, partnership, or sole proprietor)

of _____, Illinois, herein called the "Principal," and

_____, herein called the "Surety," are hereby held
   (name of bonding company)

and firmly bound unto the various fringe benefit and industry funds identified in the collective bargaining agreement between the Construction and General Laborers District Council of Chicago and Vicinity, affiliated with the Laborers' International Union of North America (the "Union") and the Principal and any successor collective bargaining agreements, all of which funds are collectively referred to as the "Funds"; unto the Union; and unto all individuals employed by the Principal and represented for collective bargaining purposes by the Union, referred to as the "Union Employees" (the Funds, the Union, and the Union Employees are collectively referred to as the "Obligees") in the

penal sum of _____ Dollars ($_____), for the
                (amount – written out)                    (amount)

obligations and undertakings hereinafter set forth, for the payment of which, well and truly to be made, we hereby jointly and severally bind ourselves, our successors, assigns, heirs, executors, and administrators.

    Signed and sealed and dated on this _____ day of _____, _____.

    **WHEREAS,** the above named Principal is employing or proposes to employ employees in a bargaining unit represented by the Union for the purpose of performing certain work as defined in a collective bargaining agreement between the Principal and the Union;

**EXHIBIT A**

**NOW, THEREFORE,** the conditions of this bond are such that if the Principal shall well and faithfully pay the wages due to the Union Employees with respect to the work performed by the Union Employees, the contributions due to the Funds, the dues due to the Union, any interest, liquidated damages, attorneys' fees, and/or costs that may become due, and such other amounts as the Principal may be required to pay to the Obligees, or to any of them, pursuant to the collective bargaining agreement between the Principal and the Union or pursuant to the rules and regulations of any or all of the Funds, then this obligation shall be void; otherwise it shall remain in full force and effect.  This obligation of the Principal and Surety shall be joint and several.

If Surety is required to make payment to the Obligees pursuant to the bond, Surety shall have no claim or right of any sort against Obligees.

In the event that the aggregate amount due the Obligees shall exceed the amount of this bond, then the claims of the various Obligees shall be satisfied on a pro rata basis, proportionate to the amount of each Obligee's claim.  Any disputes as to the proper distribution in such circumstances, and any disputes regarding the Principal's obligations to the Obligees, shall be resolved in accord with the dispute resolution mechanisms of the collective bargaining agreement between the Principal and the Union.

The Surety shall pay any claim made by the Obligees under this bond within 30 days from receipt of the claim.  Should the Surety fail to issue payment within 30 days from receipt of a claim, the Surety shall be liable for the claimed amount and any reasonable attorneys' fees and costs incurred by Obligees in enforcing this bond.

This Bond may be canceled by the Surety 120 days after receipt by the Obligees of the Surety's written notice of cancellation by registered or certified mail.

PRINCIPAL                                                          SURETY

_____          _____




By:_____          By:_____
Agent                                                                Attorney-In-Fact


_____          _____

A Power of Attorney and Notarial Acknowledgement must be submitted with this bond.